### SYE CONNOR *v.* BENJAMIN BOTTS.

[Abstract Kentucky Law Reporter, Vol. 2—384.]

**Trespass for Void Distress Warrant.**

To maintain a trespass because of the execution of a distress warrant the plaintiff must show that the proceedings under the distress warrant were void.

**Waiver of Exemption from Distress Warrant.**

The failure of a defendant in a proceeding under a distress warrant to bring an action to recover the possession of exempted corn taken under the warrant, or to execute a bond and move for a judgment on it and for judgment that the corn was exempt, amounts to a waiver of the defendant's exemption rights.

APPEAL FROM BATH COURT OF COMMON PLEAS.

March 24, 1881.

OPINION BY JUDGE HARGIS:

The distress warrant was for $81.63. That sum was constituted for the sum of $72 for supplies and $9.63 for rent. The distress was, therefore, not void, but the levy was excessive, and an action for excessive distress would have lain. The appellant, however, brought an action for trespass which could be maintained alone upon the ground that the proceedings under the distress warrant were void.

The corn set aside as exempt from the distress warrant was insufficient provision for the appellant and his family for one year, because he was entitled to enough corn for bread and to buy meat also for one year, as he had no meat.

There are two reasons, though, that justified the judgment of the court to which the law and facts were submitted. 1. The corn levied on was sold for its market value. 2. The appellee had a lien thereon, regardless of exemptions for the whole of that part of the account for supplies, by Gen. Stat. (1879), Ch. 66, Art. 6, § 5.

The appellant can not complain, because he could, as soon as the levy was indorsed, have brought an action to recover the possession of the corn taken under the distress warrant to the extent of the items in the account for supplies, or executed bond; and on motion for a judgment on it against him he could have depended upon the ground that the distress was in whole or in part illegal, or that the corn levied on was exempt by statute. He failed to avail himself of either of these remedies, and has been unable to sustain the trespass because the warrant was not void; he must, therefore, submit to the inevitable result authorized by the statute mentioned.

Wherefore the judgment is *affirmed*.

*R. Gudgell, for appellant.*

*Reid & Stone, for appellee.*